# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> KING AUTO FINANCING, INC., a Missouri corporation; KING AUTO LEASING, INC., Delaware corporation; KING AUTOMOTIVE CENTER, INC., a Missouri corporation; DOLORES J. BRINKMANN; WALLACE J. BRINKMANN TESTAMENTARY TRUST; WENDY F. SEWELL, as Trustee of the WALLACE J. BRINKMANN TESTAMENTARY TRUST; DOLORES J. BRINKMANN IRREVOCABLE TRUST U/A/D DECEMBER 20, 1999; KENNETH B. SEWELL, as Trustee of the DOLORES J. BRINKMANN IRREVOCABLE TRUST U/A/D DECEMBER 20, 1999; DOLORES J. BRINKMANN REVOCABLE TRUST U/A/D DECEMBER 20, 1999; WENDY F. SEWELL, as Trustee of the DOLORES J. BRINKMANN REVOCABLE TRUST U/A/D DECEMBER 20, 1999; LAURA A. TOOMEY, as Trustee of the DOLORES J. BRINKMANN REVOCABLE TRUST U/A/D DECEMBER 20, 1999; and SUZANNE MARSEK, as Trustee of the DOLORES J. BRINKMANN REVOCABLE TRUST U/A/D DECEMBER 20, 1999, <br><br> Defendants. | Case No. 12 CV 617 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Arthur H. Bunte, Jr., Trustee, filed suit against Defendants to collect withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs have filed a First Amended Complaint; in Count I, the Fund seeks to collect the withdrawal liability from various Defendants under the MPPAA's controlled group rules. In Counts II-V, the Fund seeks to collect withdrawal liability from Defendants pursuant to ERISA's "evade or avoid" provision and alternative theories. Presently before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs filed a response, and though Defendants were given an opportunity to file a Reply brief, no reply was submitted.

## BACKGROUND

The Fund is a multiemployer pension plan, within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). (Am. Compl. ¶ 2.) Arthur H. Bunte, Jr. is a Trustee and a fiduciary of the Fund, as defined by ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). (*Id.* ¶ 3.) The Fund's Board of Trustees is the "plan sponsor," within the meaning of 29 U.S.C. § 1301(a)(10). (*Id.*) Defendant King Auto Financing, Inc. ("King Auto Financing") is a Missouri corporation. (*Id.* ¶ 5.) Defendant King Auto Leasing, Inc. ("King Auto Leasing") is a Delaware corporation. (*Id.* ¶ 6.) Defendant King Automotive Center, Inc. ("King Automotive Center") is a Missouri corporation. (*Id.* ¶ 7.) Defendant Dolores J. Brinkmann ("Dolores Brinkmann") is an individual who resides in Missouri. (*Id.* ¶ 8.) Defendant Wallace J. Brinkmann Testamentary Trust ("WJB Trust") is a Missouri testamentary trust. (*Id.* ¶ 9.) Defendant

Dolores J. Brinkmann Irrevocable Trust ("DJB Irrevocable Trust") is a Missouri irrevocable trust. (*Id.* ¶ 10.) Defendant Kenneth B. Sewell is the trustee of the DJB Irrevocable Trust. (*Id.* ¶ 11.) Defendant Dolores J. Brinkmann Revocable Trust ("DJB Revocable Trust") is a Missouri revocable trust. (*Id.* ¶ 12.) Defendant Wendy F. Sewell is the trustee of the WJB Trust and one of the trustees of the DJB Revocable Trust. (*Id.* ¶ 13.) Defendants Laura A. Toomey and Suzanne Marsek are also trustees of the DJB Revocable Trust. (*Id.* ¶¶ 14-15.) Dolores Brinkmann owned at least 80 percent of the voting power of all classes of outstanding stock of King Dodge, Inc.; King Dodge, Inc. owned and operated a car dealership known as "King Dodge" in Missouri. (*Id.* ¶¶ 18-19.)

In December of 2005, King Dodge contracted with Don Brown Automotive Group, Inc. for the purchase and sale of King Dodge's assets, after which King Dodge permanently ceased all business operations. (*Id.* ¶ 20.) For a number of years prior to the sale of assets, King Dodge was bound by collective-bargaining agreements with certain Teamsters local unions; these agreements required King Dodge to make contributions to the Fund on behalf of its employees. (*Id.* ¶ 21.) On or about January 28, 2006, the Fund determined that King Dodge permanently ceased to have an obligation to contribute to the Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in 29 U.S.C. § 1383. (*Id.* ¶ 22.) As a result, King Dodge incurred withdrawal liability to the Fund, in the original principal amount of $624,293.40, as determined by 29 U.S.C. § 1381(b). (*Id.* ¶ 23.) On or about May 18, 2006, King Dodge received a notice and demand for payment of the withdrawal liability issued by the Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). (*Id.* ¶ 24.) On or

about November 10, 2006, King Dodge received a notice from the Pension Fund that its withdrawal liability had been revised to $695,578.10. (*Id.* ¶ 26.) After making multiple payments on the withdrawal liability in accordance with the payment schedule set forth by the Fund, King Dodge stopped making payments. (*Id.* ¶ 27.)

On December 2, 2009, the Fund sued King Dodge to collect the withdrawal liability; the case was styled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. King Dodge, Inc.*, Case No. 09-CV-7480 (N.D. Ill.) (Pallmeyer, J.). (*Id.* ¶ 30.) On August 9, 2010, the Fund obtained a judgment against King Dodge in the suit in the amount of $709,094.07. (*Id.* ¶ 31.) To date, King Dodge has not made any payments with respect to the judgment. (*Id.* ¶ 32.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### Count I

In Count I, Plaintiffs allege that Defendants King Auto Financing, King Auto Leasing, Dolores Brinkmann, and the DJB Revocable Trust were a group of trades or businesses under common control and thus were liable to the Fund for withdrawal liability. (Am. Compl. ¶¶ 39-40). "If an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a). Under the MPPAA, "all trades or businesses under common control are treated as constituting a single employer for purposes of determining withdrawal liability." *Cent. States, Se. & Sw. Areas Pension Fund v. SCOFBP, LLC*, 668 F.3d 873, 876 (7th Cir. 2011) (*SCOFBP*); 29 U.S.C. § 1301(b)(1). Two criteria must be met in order to impose an insolvent organization's liability upon another organization: (1) the solvent organization must be under "common control" with the insolvent organization, and (2) it must be a "trade or business." *Id.* at 880.

Plaintiffs have sufficiently stated a claim upon which relief can be granted against Dolores Brinkmann and/or the DJB Revocable Trust. First, Plaintiffs have sufficiently

5

alleged that Dolores Brinkmann or the DJB Revocable Trust was under common control with King Dodge. A group of trades or businesses is under common control if it is either a parent-subsidiary group, brother-sister group, or a "combined group." 26 C.F.R. § 1.414(c)–2(a). Under the brother-sister formulation, organizations are under common control if the same five or fewer people own a controlling interest (at least 80 percent of total combined voting power of all classes of stock) in each organization and exercise effective control (possessing more than 50 percent of the stock) over both. *See Id.* Plaintiffs alleged that Dolores Brinkmann directly or indirectly owned at least 80 percent of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80 percent of the total value of outstanding shares of all classes of stock of King Dodge. (Am. Compl. ¶ 18.) Plaintiffs further allege that Dolores Brinkmann and/or the DJB Revocable Trust owned and operated a real estate business under common control with King Dodge. (*Id.* ¶¶ 37-38.)

Second, Plaintiffs allege that Dolores Brinkmann and/or the DJB Revocable Trust owned and operated a "trade or business", within the meaning of 29 U.S.C. § 1301(b)(1); that business consisted of leasing property. (Am. Compl. ¶ 37.) The MPPAA does not define "trade or business." *SCOFBP*, 668 F.3d at 878. However, the leasing of property has been deemed to constitute a "trade or business." *See Id.* at 879; *see also Cent. States, Se. & Sw. Areas Pension Fund v. Koder*, 969 F.2d 451, 453 (7th Cir. 1992).

Plaintiffs have also sufficiently stated a claim upon which relief can be granted against King Auto Financing and King Auto Leasing. "A corporation is normally deemed to be engaged in a 'trade or business'; however, to the extent that it is operated solely for the pleasure or recreation of its stockholders, it is not engaged in a trade or

6

business." *Int'l Trading Co. v. Comm'r of Internal Revenue*, 275 F.2d 578, 584 (7th Cir. 1960). Defendants argue that the Amended Complaint sets forth no facts showing how the two Defendants were engaged in a trade or business. (Mot. ¶ 12.) However, Plaintiffs' allegations that the two Defendants, King Auto Financing and King Auto Leasing, were corporations under common control with King Dodge are sufficient.

In Plaintiffs' Motion for Leave to Cite Additional Authority, which was granted on June 28, 2012, Plaintiffs point to the decision in *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Kenneth B. Sewell, et al.*, No. 12 CV 604 (N.D. Ill. June 20, 2012) (Shadur, J.) (*Sewell*). In the *Sewell* decision, Judge Shadur denied defendants' motion to dismiss in light of procedural violations committed by the defendants and as a substantive matter, as well. The *Sewell* decision is particularly instructive here because the allegations in both cases are nearly identical, and the motions to dismiss in both cases assert essentially the same arguments. In the *Sewell* decision, Judge Shadur held: "[i]n this instance defense counsel has essentially sought to substitute a fact pleading regime for the notice pleading concept embodied in federal practice. It is true that what this Court refers to as the *Twombly-Iqbal* canon has introduced a requirement of "plausibility," but that has not created such a dramatic shift as the current motion would suggest." *Sewell*, No. 12 CV 604, at 2 (N.D. Ill. June 20, 2012). A pleading that states a claim for relief must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[S]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). In light of the above, Plaintiffs have sufficiently pled a claim for which relief can

be granted in Count I. Further, Defendants' Motion to Dismiss, as it was in *Sewell*, is rather cursory and offers no supporting authority.

## *Count II*

In Count II, Plaintiffs allege that certain monies from King Dodge's sale of assets were improperly distributed to Defendants King Automotive Center, Dolores Brinkmann, the WJB Trust, the DJB Irrevocable Trust, and the other individual trustees. (Am. Compl. ¶¶ 44-45, 49.) "When the assets of a corporation are distributed to its shareholders leaving corporate debts unpaid, liability of the shareholders to a creditor, to the extent of the value of the assets received is beyond question." *Cent. States, Se. & Sw. Areas Pension Fund v. Minneapolis Van & Warehouse CO.*, 764 F.Supp. 1289, 1294 (N.D. Ill. 1991).

Plaintiffs have adequately stated a claim upon which relief may be granted in Count II. Plaintiffs allege King Dodge contracted with Don Brown to sell its assets, after which King Dodge permanently ceased all business operations. (Am. Compl. ¶ 20.) King Dodge then distributed monies from the sale to the named Defendants without receiving any consideration in return. (*Id.* ¶¶ 44-45.) Plaintiffs allege that at the time of, or as a result of, the transfer of monies, King Dodge became unable to pay its withdrawal liability. (*Id.* ¶ 49.) In light of the above and the *Sewell* decision, Plaintiffs have sufficiently pled a claim for relief in Count II.

## *Counts III & IV*

Counts III and IV are generally based on the same set of facts underlying Count II and are brought against the same Defendants as named in Count II. Plaintiffs seek to impose withdrawal liability under the alter-ego and evade-or-avoid theories. Defendants

argue that Plaintiffs' allegation that King Dodge made a number of payments on its withdrawal liability defeats any claim that there was an attempt to defraud the Plaintiffs or evade or avoid withdrawal liability. (Mot. ¶¶ 17-18.) Defendants offer no legal authority in support of this argument, and it is without merit. For the reasons provided in the discussion of Count II, above, Plaintiffs have sufficiently pled a claim for relief in Counts III and IV.

*Count V*

In Count V of the Amended Complaint, Plaintiffs allege that the transfer of monies was fraudulent, pursuant to Missouri's Uniform Fraudulent Transfer Act ("UFTA"), V.A.M.S. § 428.005, *et seq*. Defendants argue that the claim is time-barred under Section 428.049 of the UFTA. (Mot. ¶¶ 20-22.) A complaint is not required to anticipate affirmative defenses to survive a motion to dismiss. *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.* Plaintiffs' First Amended Complaint does not indicate *when* the fraudulent transfers purportedly took place, nor are they required to do so at this pleading stage. Plaintiffs allege that the transfer of monies from the sale of assets was fraudulent, but they do not allege when the transfer occurred. Plaintiffs have not unambiguously revealed that the claim is time-barred in their Amended Complaint. Thus, Defendants' Motion to Dismiss Count V is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied in its entirety.

Date: September 19, 2012

JOHN W. DARRAH
United States District Court Judge